IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RASMUSSEN INSTRUMENTS, LLC.,<br><br>Plaintiff,<br>v.<br><br>DEPUY SYNTHES PRODUCTS, INC., DEPUY SYNTHES SALES, INC., AND MEDICAL DEVICE BUSINESS SERVICES, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-mc-368<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on two motions.[1] Petitioner Jones Waldo Holbrook & McDonough (Jones Waldo) moves the court to quash a subpoena served by Defendants on June 10, 2021, in a lawsuit filed in the United States District Court for the District of Massachusetts.[2] (ECF No. 2.) Defendants, Depuy Synthes Products, Inc., Depuy Synthes Sales, Inc., and Medical Device Business Services, Inc., (collectively Depuy), move to compel compliance with a subpoena served on The Orthopedic Specialty Clinic (the Clinic) in the same suit filed in the District of Massachusetts. (ECF No. 7.) As set forth below the court grants both motions.

This matter arises from a patent infringement action where Plaintiff Rasmussen Instruments LLC, alleges Defendants infringe two patents owned by Dr. G. Lynn Rasmussen. These patents are assigned to Plaintiff and it appears Dr. Rasmussen is the sole owner of Plaintiff. Dr. Rasmussen practices at The Orthopedic Specialty Clinic.

---

[1] Chief Judge Robert J. Shelby referred the motions to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A). The court elects to decide the motions on the basis of the written memoranda. DUCivR 7-1(2020).

[2] The case number in the Massachusetts matter is 1:20-cv-11807 WGV.

Pertinent to both motions before the court is Local Rule 7-1(d), which provides: "Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." DUCivR 7-1(d) (2020). To date, neither motion has been responded to by the pertinent party. And, the court has granted multiple extensions for a response to be filed. (ECF No.5, ECF No. 8, ECF No. 11, ECF No. 12.) A lack of any response leaves the court with a few options. The court can reach out to the parties in an attempt to obtain a response. Something which appears unlikely given a lack of a response despite repeated extensions to file one. Or, as allowed by the rules, the court can move forward granting the motions presuming that an absence of a response indicates the parties are abandoning any opposition, or perhaps, lack a justifiable basis to file an opposition. In any event, the court is left without sufficient knowledge to ascertain the opposing parties' positions.

In the first motion, Defendants seek to depose Jones Waldo, specifically mentioning by name Brady Rasmussen that is a shareholder at Jones Waldo. Jones Waldo notes that although Mr. Rasmussen has not entered an appearance in the Massachusetts' Action, he has been a litigator at Jones Waldo, and on the team that represents Plaintiff and Dr. Rasmussen since 2013. (ECF No. 2 p. 2.) Defendants' topics for the deposition include: "Any communications or discussions with Rasmussen relating to one or more of the Rasmussen Patents"; "Any communications or discussions with Rasmussen concerning the ZEN Instruments."; and "Any communications or discussions with Rasmussen relating to DePuy." (ECF No. 2-1.)

While the court does not have the benefit of any opposition to Jones Waldo's motion, it appears Defendants' subpoena implicates the body of case law weighing against deposing an attorney for a party involved in the case. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995) (adopting the *Shelton* criteria for determining whether a court should permit the

2

deposition of opposing counsel in a case).[3] The court, however, need not wade into this body of law, and whether Defendants have met their burden, because there is no opposition to Jones Waldo's motion.[4]

In similar fashion, there has been no response to Depuy's discovery motion. Defendants seek information and documents from The Orthopedic Specialty Clinic, which initially, were sought from Plaintiff. Plaintiff represented that it does not possess or control the documents held by the Clinic. In their motion Defendants note that there has been some issues surrounding service of the Subpoena on the Clinic. Yet, now the Clinic has received the Subpoena in three different ways, including service upon its registered agent. Given this factual background, and the lack of any opposition to the Subpoena, the court fails to find any reason to deny Defendants' motion.

Accordingly, under Local Rule 7-1, the court GRANTS Jones Waldo's Motion to Quash Subpoena and further GRANTS Defendants' Motion to Compel.

IT IS SO ORDERED.

DATED this 11 August 2021.

_____
Dustin B. Pead
United States Magistrate Judge

---

[3] The *Shelton* criteria include: "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Boughton*, 65 F.3d at 829. See *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

[4] The court commends Jones Waldo for its agreement to produce the 8 records that are not privileged among those that were identified in response to the Subpoena. (ECF No. 2 p. 8.) Jones Waldo should produce those records within 10 days from the date of this order.